OPINION OF THE COURT
Per Curiam.
In or about March 2009, indictment No. 25-09 was filed in the Supreme Court, New York County, charging the respondent with 24 counts of violating the Martin Act, a class E felony, in violation of General Business Law § 352-c (6).
On November 22, 2010, the respondent agreed to plead guilty under count 19 of the indictment. As part of his plea agreement, the respondent agreed to forfeit $19 million, and to be enjoined permanently from engaging in fraudulent practices in violation of article 23-A of the General Business Law and engaging in any business relating to the purchase or sale of, or the offer to purchase or sell, to the public within New York State, as principal, broker, or agent, or otherwise, any securities issued or to be issued.
As part of his plea agreement, the respondent stipulated that from January 2003 through December 2006, he was the chief paid political consultant to Alan Hevesi who, at the time, was the New York State Comptroller and the sole trustee of the New York Common Retirement Fund (hereinafter the CRF).
During that time, the respondent understood that David Loglisci, as Director of Alternative Investments, and then as Chief Investment Officer, was responsible for reviewing and recommending proposed investments by the CRF.
At or about that time, the respondent had financial interests related to certain alternative investments proposed by investment firms to the CRF. The respondent knew of and facilitated Loglisci’s and Hevesi’s recommendations and approvals of certain proposed alternative investments to generate, in part, fees to the respondent or others known to him. The respondent did not disclose those financial interests to any person other than Loglisci or Hevesi. The respondent stood to receive millions of dollars in fees from the proposed alternative investments Loglisci or Hevesi recommended and approved.
The respondent contemporaneously sought contributions to Hevesi’s reelection campaign from, among others, those individuals whom the respondent knew were doing, or seeking *335 to do, business with the CRF. The respondent knew that Loglisci or Hevesi recommended and approved proposed alternative investments for persons associated with those investments who contributed to Hevesi’s campaign.
With respect to count 19 of the indictment, the respondent stipulated that
“from in or about March 2005 through in or about February 2007, [he] intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and made material false representations and statements with intent to deceive and defraud, while engaged in inducing and promoting the exchange, sale, negotiation and purchase within and from New York of securities . . . and thereby wrongfully obtained property . . . and fees related to the investment of CRF funds.”
On February 17, 2011, the respondent was sentenced to an indeterminate term of imprisonment of U/s to 4 years.
Upon information and belief, the respondent failed to notify this Court of his conviction, as required by Judiciary Law § 90 (4) (c).
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent’s name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), based upon his felony conviction.
The respondent does not oppose the instant motion. The respondent’s counsel avers that she failed to notify the Court of the respondent’s conviction because she was unaware of Judiciary Law § 90 (4) (c), and because she believed, at the time of sentencing, that the respondent’s disbarment was automatic.
Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney “upon [his] conviction” of a felony.
Accordingly, the motion to strike the respondent’s name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) is granted, to reflect the respondent’s automatic disbarment as of November 22, 2010.
Eng, EJ., Mastro, Rivera, Skelos and Hall, JJ., concur.
Ordered that the motion of the Grievance Committee for the Tenth Judicial District is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Henry Morris, is disbarred, effective November 22, *336 2010, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,
Ordered that the respondent, Henry Morris, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Henry Morris, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Henry Morris, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).